UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM HENRY KEEHN,

    Petitioner,

v.                                              CASE NO. 6:16-cv-2107-Orl-28KRS
                                                    (6:15-cr-48-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed pursuant to 28 U.S.C. § 2255. The Government filed a Response to Petitioner's Motion to Vacate (Doc. 3) in compliance with this Court's instructions. Petitioner filed a Reply to the Government's Response. (Doc. 5).

Petitioner alleges one claim for relief, that his sentence was imposed in violation of 18 U.S.C. § 3353(b)(1) because it is cruel, unusual, and unnecessarily excessive. (Doc. 1 at 4). For the following reasons, the Motion to Vacate is denied.

### I.    PROCEDURAL HISTORY

Petitioner was charged with knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (Count One), knowingly coercing, persuading, or inducing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions in violation of 18 U.S.C § 2251(a) and (e) (Count Two), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Criminal Case

6:15-cr-48-Orl-28KRS, Doc. 12).[1] Petitioner entered a plea agreement to Counts One and Two of the Indictment. (Criminal Case, Doc. 25). Magistrate Judge Spaulding entered a Report and Recommendation concerning the guilty plea (Criminal Case, Doc. 31), and the Court accepted the plea and adjudicated Petitioner guilty. (Criminal Case, Doc. 35).

The Court held a sentencing proceeding on December 11, 2015, and determined that Petitioner's total offense level was 43 and the recommended guideline range was 600 months imprisonment, or fifty years, which was also the maximum term of imprisonment permitted by law. (Doc. 3-3 at 6). After conducting a lengthy hearing wherein the parties submitted testimony of several witnesses, the Court sentenced Petitioner to a 90-month term of imprisonment for Count One and a consecutive 360-month term of imprisonment for Count Two, for a total of 450 months, to be followed by a 10-year term of supervised release. (Criminal Case, Doc. Nos. 58 and 66). Petitioner appealed, and the Eleventh Circuit dismissed the appeal in light of the sentence appeal waiver contained in the plea agreement. (Criminal Case, Doc. 79).

## II. Legal Standard

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

---

[1] Hereinafter Criminal Case 6:15-cr-48-Orl-28KRS will be referred to as "Criminal Case."

> States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence

28 U.S.C. § 2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review, however, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

### III. ANALYSIS

Petitioner contends that his sentence was imposed in violation of 18 U.S.C. § 3353(b)(1) because it is cruel, unusual, and unnecessarily excessive under the Eighth Amendment. (Doc. 1 at 4-5). Petitioner argues that due to his age, his sentence essentially amounts to a de facto life sentence. (*Id.* at 5). Petitioner alleges that the Court "did not make an individualized assessment based on the facts presented but rather presumed the reasonableness of the Guidelines range, which is inappropriate." (*Id.*) (quotation omitted).

The Government argues that this claim is procedurally barred. (Doc. 3 at 8). A "defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional

claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)(citations omitted).

Petitioner's claim could have been raised on direct appeal. The Court is aware that appeal was dismissed because the plea agreement contained a provision waiving Petitioner's right to appeal his sentence. However, the waiver provided:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground... <u>except</u> (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence <u>violates the Eighth Amendment to the Constitution</u> . . . .

(Criminal Case, Doc. 25) (emphasis added). Therefore, Petitioner could have challenged the alleged cruel, unusual, and excessive nature of his sentence on direct appeal.[2] Consequently, this claim is procedurally barred.

The only way Petitioner could avoid this procedural bar is to show (a) "cause for the default and actual prejudice" or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Petitioner has not made such a showing; therefore, the claim is procedurally barred.

---

[2] Petitioner argued on appeal that the Court erred when it failed to take into consideration certain testimony and did not provide the proper weight to mitigating factors presented, thereby imposing a substantively unreasonable sentence. (Doc. 3-1). However, Petitioner did not rely on the Eighth Amendment in making this argument. (*Id.*).

Alternatively, Petitioner is not entitled to relief on his claim. A sentence does not violate the Eighth Amendment if the sentence is "within the limits imposed by statute." *See United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005). Petitioner faced a statutory maximum term of twenty years imprisonment for Count I and thirty years imprisonment for Count II, totaling a maximum term of fifty years imprisonment. *See* 18 U.S.C. §§ 2252A(a)(2)(A), 2241(a) and (e). Petitioner's sentence of 450 months imprisonment does not exceed the maximum authorized by law, and therefore, it does not violate the Eighth Amendment.

Moreover, to the extent Petitioner argues that his sentence is unreasonable under 18 U.S.C. § 3553(a), his claim is not cognizable in the instant action. A federal district court does not have authority to review an alleged sentencing error under § 2255 unless the "error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quotation omitted). For a criminal defendant to challenge a sentencing error as a "fundamental defect," he must prove either that he is "actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (*en banc*). Petitioner has not met this burden, and thus, the Court will not address this claim. *See Marion v. United States*, No. 16-15971-G , 2017 WL 8233896, at *7 (11th Cir. Oct. 24, 2017) (noting in an opinion denying a certificate of appealability that a challenge to the reasonableness of a sentence in a § 2255 proceeding

5

does not allege a constitutional violation and is not cognizable).[3]

Any of Petitioner's allegations not specifically addressed herein are without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner fails to make such a showing. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:15-cr-48-Orl-28KRS and terminate the pending § 2255 motion (Criminal Case,

---

[3] The Court also notes that Petitioner fails to demonstrate that the sentence imposed was in fact unreasonable or that the Court failed to consider the § 3553(a) factors. *See United States v. Collins*, No. 17-13204, 2018 WL 1567727, at *3–4 (11th Cir. Mar. 30, 2018) (citing *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007)). The Court held a lengthy sentencing hearing, considered the factors delineated in § 3553(a) and noted that it was imposing a sentence that was "sufficient but not greater than necessary to meet the statutory purposes of sentencing. . . ." (Doc. 3-3 at 98). In crafting Petitioner's sentence, the Court considered the mitigating evidence presented by Petitioner, including the testimony of Dr. Imhof, and weighed it against the nature of the crimes and the fact that the victims were minors. (*Id.* at 98-99).

Doc. 80) in that case.

    4.      Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this \_\_5\_\_ day of September, 2018.

                                        JOHN ANTOON II
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
OrlP-3 8/29